In re COLLYER. (Supreme Court, Appellate Division, Second Department. January 12, 1906.) In the matter of the judicial settlement of the accounts of Charles S. Collyer, as administrator of Elizabeth Collyer, deceased. No opinion. Motion to dismiss appeal denied, upon condition that the appellant pay $10 costs and perfect the appeal in time for argument at the next term of court; otherwise, motion to dismiss appeal granted, with costs.

COMSTOCK, Respondent, v. NEW YORK, S. & W. R. CO., Appellant. (Supreme Court, Appellate Division, First Department. December 8, 1905.) Action by John S. Comstock against the New York, Susquehanna & Wilmington Railroad Company. C. McVeagh, for appellant. H. G. Ward, for respondent. No opinion. Judgment and order affirmed, with costs.

CONGER, Respondent, v. ENSLER, Appellant. (Supreme Court, Appellate Division, First Department. December 8, 1905.) Action by Clarence R. Conger individually etc., against Hyman Ensler, impleaded J. Fettretch, for appellant. J. H. Thompson, for respondent. No opinion. Judgment affirmed, with costs.

CONLON v. RISER et al. (Supreme Court, Appellate Division, First Department. February 13, 1906.) Action by John H. Conlen against Rosanna Riser and others. No opinion. Motion denied, with $10 costs to Conlen and to Corey, appearing in opposition.

CONLON v. RISER et al. (Supreme Court. Appellate Division, First Department. January 12, 1906.) Action by John H. Conlon against Rosanna Rizer and others. No opinion. Motion denied.

CONNELLY, Respondent, v. HARRIS, Appellant. (Supreme Court, Appellate Division, Second Department. January 26 1906.) Action by James M. Connelly against I. Henry Harris.

PER CURIAM. Judgment of the municipal court reversed on the facts, and new trial ordered, costs to abide the event.

MILLER, J., dissents.

In re CONNERS' WILL. (Supreme Court, Appellate Division. Second Department. January 26, 1906.) In the matter of the probate of the last will and testament of James Stanley Conner, deceased. No opinion. Decree of the Surrogate's Court of Kings county affirmed, with costs.

COOK et al., Respondents, v. GRISWOLD et al., Appellants. (Supreme Court, Appellate Division, Third Department. January 8, 1906.) Action by Elizabeth Cook and others against Addison C. Griswold, individually and as executor of Susan Daglish, deceased, and others.

96 N.Y.S.—71

PER CURIAM. Judgment affirmed, without costs.

CHASE, J., not voting.

COONEY, Appellant, v. METROPOLITAN ST. R. CO., Respondent. (Supreme Court, Appellate Division, First Department. December 8, 1905.) Action by James Cooney against the Metropolitan Street Railway Company. C. Steckler, for appellant. F. E. Fishel, for respondent. No opinion. Judgment affirmed, with costs.

In re COOPER. (Supreme Court, Appellate Division, First Department. March 9, 1906.) In the matter of William F. Cooper, an incompetent person. Appeal from an order confirming a referee's report fixing the compensation of attorneys. Modified and affirmed. George F. Canfield, for appellants. C. N. Bovee, for respondent.

PER CURIAM. Proceedings were instituted for the appointment of a committee of the property and estate of an alleged incompetent person, who resisted the same. They resulted, however, in the appointment of a committee of such person and also of his estate. The attorneys who represented the incompetent person in such proceedings, after the appointment of the committee, applied to the court, upon petition, to have their compensation fixed and to direct the committee of the estate to pay the same, as well as certain disbursements. The matter was sent to a referee to take evidence as to the value of the services and the amount of the disbursements, who, after hearings had, reported that the value of the services of the attorneys was $4,000, which should be paid, together with disbursements amounting to $70.70, less $200 which had already been paid; and that in addition thereto there should be certain other sums paid to physicians or alienists employed by them in behalf of such incompetent person. The report was confirmed, and both the committees appeal from such order. We are of the opinion that the amount allowed was largely in excess of the value of the services rendered; that $1,550, besides the disbursements of $70.70, making in all $1,620.70, less the $200 paid, which would leave due them $1,420.70, is not only a fair, but indeed a liberal, allowance for all of the services which the attorneys performed; and that the order appealed from should be modified by reducing the allowance made from $3,870.70 to $1,420.70, and as thus modified the same should be affirmed, with $10 costs and disbursements to appellants, payable out of the estate of the incompetent person.

COOPER, Appellant, v. CLARKE, Respondent. (Supreme Court, Appellate Division, First Department. January 26, 1906.) Action by Anna J. Cooper against Frank G. Clarke. J. J. McKelvey, for appellant. A. S. Bacon, for respondent. No opinion. Judgment affirmed, with costs.

COPSTEIN, Respondent, v. UNION RY. CO. OF NEW YORK, Appellant. (Supreme Court, Appellate Division, First Department. January 19, 1906.) Action by Alexander M. Cop-